## Case No. 2,831a.

### CLARK v. PHILLIPS.

[Hempst. 294.] [1]

Superior Court, D. Arkansas. Jan., 1836.

VARIANCE—"WRITING OBLIGATORY"—ASSIGN-
MENT.

1. A trivial variation in describing a deed or written contract is fatal, and the variance may be taken advantage of on demurrer in arrest of judgment, or on error.

2. The term "writing obligatory" imports a sealed instrument.

3. To enable a person, by assignment of a bond, to vest the legal title in the assignee. it must appear that he has the right to make the assignment.

In error to Pope circuit court.

[At law. Action by Thomas Phillips against Josiah Clark upon a bond assigned to plaintiff. There was a judgment for plaintiff, and defendant brought error.]

Before YELL and CROSS, Judges.

CROSS, Judge. This cause comes up on a writ of error to the Pope circuit court, and has been submitted without argument. At the return term in the court below, Clark, the plaintiff in error, appeared by his attorney, and craved oyer of the writing declared upon, which was given in the words and figures following, namely: "The first day of October next, we or either of us promise to pay to John Rossman & Co., or order, eight hundred and fifteen dollars and fifty cents, for value received of them, this 29th day of

October, 1830. (Signed) Josiah Clark, B. D. Johnson." On the back of which was the following indorsement, namely: "I assign the within note to Thomas Phillips for value received, this 22d day of October, 1832. (Signed) A. Dilerac." Whereupon he filed a general demurrer to the plaintiff's declaration, to which there was a joinder, and on submitting it, the circuit court gave judgment for the plaintiff, overruling the demurrer. Phillips alleges in his declaration "that Josiah Clark and one B. D. Johnson, otherwise Bolus D. Johnson, who is not sued in this case, by their certain writing obligatory signed with their own proper hands, and sealed with their seals, promised to pay." and then goes on to state "that John Rossman & Co., to whom, or to whose order, the payment was to be made, indorsed and assigned the said writing obligatory, by which said indorsement and assignment they, the said John Rossman & Co., then and there ordered and appointed the sum of money specified in said writing obligatory to be paid to Thomas Phillips, and then and there delivered the same to Phillips." There being an obvious variance between the writing described in the declaration, as well as the assignment, and that exhibited on oyer, we shall consider the question only as to whether this variance ought to have been regarded in deciding upon the demurrer. The rule of law is that a trivial variation in setting out a deed or written contract is fatal. 1 Chitty, Pl. 304. And such variation may be taken advantage of after craving oyer, and setting out the writing by demurrer. 2 Saund. 366, note 1; 1 Chit. 416. The same authorities also show that the variance will be available on the trial, in arrest of judgment, or on a writ of error.

In the case before us, the declaration alleges, in describing the written contract, that it was sealed with the seals of Clark and Johnson, when the instrument shown on oyer is without seals. There is also a discrepancy in the assignment, as the declaration states it to have been made by John Rossman & Co., when it appears, from the oyer given, to have been made by A. Dilerac. To designate a written contract in a declaration or plea as a writing obligatory would doubtless be equivalent to an allegation that it was sealed, as the words "writing obligatory" are technical, and imply a sealing. 4 Com. Dig. tit. "Fact;" 1 Saund. 290; 1 Chit. 348. It follows, therefore, that if the allegation as to sealing had been entirely omitted, the misdescription would have been in legal contemplation and effect the same, by describing the instrument as a writing obligatory. It may be proper to remark, in relation to the assignment, that, from anything on the record, it does not appear that Phillips, the plaintiff below, had any transfer of the written contract vesting the title in him, so as to authorize a suit in his name. Certainly "A. Dilerac" could not

assign it, because he had, to all appearances, no legal interest in it. As well might Richard Roe or John Doe have assigned it, so far as we can perceive. Believing that a misdescription of a writing declared on after oyer may be taken advantage of on demurrer, and the misdescription being obvious in the case before us, we are unanimous in the opinion that the demurrer was improperly overruled by the circuit court, and that the judgment rendered thereon ought to be reversed. Judgment reversed.